**TAYLOR v. ALLAN, Director of Internal Revenue for District of Colorado.**

**No. 4583.**

United States Court of Appeals
Tenth Circuit.

May 9, 1953.

George T. Evans, Denver, Colo. (Thomas J. Morrissey, Denver, Colo., was with him on the brief), for appellant.

Carleton Fox, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Walter Akerman, Jr., Sp. Assts. to the Atty. Gen., Charles S. Vigil, U. S. Atty., Denver, Colo., and Clifford C. Chittim, Asst. U. S. Atty., Boulder, Colo., were with him on the brief), for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from an order dismissing an action brought by James M. Taylor, taxpayer, against the Collector of Internal Revenue for the District of Colorado,[1] to obtain a declaratory judgment relating to federal income tax assessments levied by the Collector. The trial court held that the action was one with respect to federal taxes and could not be maintained under the Federal Declaratory Judgment Act, 28 U.S. C.A. §§ 2201, 2202.

The complaint alleged that the plaintiff filed his income tax returns for the calendar years 1944, 1945, 1946 and 1948; that on July 3, 1952, the Collector of Internal Revenue for Colorado assessed against the plaintiff, individual income taxes, penalties and interest for the aforesaid years and 1947;[2] that liens were filed against plaintiff's real property to secure the aforesaid assessments causing plaintiff irreparable loss and damages; and that defendant has distrained upon, seized and taken cash belonging to plaintiff in the sum of $12,322.84 and applied the same in partial satisfaction of the assessments. It further alleged that unless the returns filed by the plaintiff were false or fraudulent with intent to evade fed-

1. By appropriate motion, George H. Allan, as Director of Internal Revenue for the District of Colorado, was substituted as party appellee.

2. The complaint alleges the assessments for the years 1944, 1945, 1946 and 1948 to be:

| Calendar Year | Tax | Accrued Interest | 50% Penalty | Underesti- mated Penalty | Total |
|---|---|---|---|---|---|
| 1944 | $3,650.38 | $1,595.11 | $1,825.19 | $ 584.05 | $7,654.73 |
| 1945 | 876.42 | 330.38 | 438.21 | 140.20 | 1,785.21 |
| 1946 | 568.00 | 178.92 | 284.00 | 89.44 | 1,120.36 |
| 1948 | 1,776.34 | 346.39 | 888.17 | 284.20 | 3,295.10 |
| Totals | $6,871.14 | $2,450.80 | $3,425.57 | $1,097.89 | $13,855.40 |

The allegation relating to the 1947 assessment of $2,053.83, which included tax, penalties and interest, was set forth in a separate paragraph of the complaint. Apparently no return was filed for 1947.

eral taxes, the three-year statute of limitations had run against the assessments, 26 U.S.C.A. § 275(a); and that the defendant, or the Commissioner of Internal Revenue, has not alleged any facts constituting fraud, or sustained in any legal proceeding, or otherwise, the burden of proving fraud with intent to evade the federal tax as required by 26 U.S.C.A. § 1112. The prayer of the complaint is as follows: "Plaintiff prays that this Court adjudge and decree that the assessments of individual United States income tax, penalties and interest, made against plaintiff as set out in paragraphs (5) and (6) hereof, for the calendar years 1944, 1945, 1946, 1947 and 1948, are null, void and of no effect."

The plaintiff recognizes that suits "with respect to Federal taxes" cannot be maintained under the Declaratory Judgments Statute,[3] but advances the theory that the exception is not applicable because the statute of limitations bars the assessment and collection of the taxes unless fraud has been established. It is contended that until fraud is established in some proceeding, or otherwise, plaintiff's property cannot be taken to satisfy the assessments; and that this action is for a determination of the legality of the collector's action and does not question the tax itself. We think the contention is without merit.

It is manifest that the very purpose of the action is to obtain a decree declaring certain assessments of federal income taxes, penalties and interest to be null and void upon the ground that they are barred by the statute of limitations. The limitation is not applicable in case of false or fraudulent returns with intent to evade taxes or of failure to file a return. 26 U.S.C.A. § 276(a). Any controversy growing out of the allegations of the complaint could relate only to federal taxes and the liability therefor. It is not sufficient to say that the controversy relates only to procedure in the method of collection when the decree prayed for would not only affect, but would prevent, the collection of federal taxes which the collector claims are due and owing. The action is, therefore, one "with respect to Federal taxes" as contemplated by the Declaratory Judgments Statute. Noland v. Westover, 9 Cir., 172 F.2d 614, certiorari denied 337 U.S. 938, 69 S.Ct. 1515, 93 L.Ed. 1744; Royce v. Squire, 9 Cir., 168 F.2d 250; Wilson v. Wilson, 4 Cir., 141 F.2d 599; Tomlinson v. Smith, 7 Cir., 128 F.2d 808; Murphy v. Graves, 6 Cir., 120 F.2d 243, certiorari denied, Murphy v. Brady, 314 U.S. 661, 62 S.Ct. 116, 86 L.Ed. 529; Beeland Wholesale Co. v. Davis, 5 Cir., 88 F.2d 447, certiorari denied 300 U.S. 680, 57 S.Ct. 672, 81 L.Ed. 884. The action of the Collector may appear to be harsh, but the taxpayer's remedy is to be found elsewhere. Graham v. Du Pont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965; Wilson v. Wilson, supra.[4]

The judgment is affirmed.

3. 28 U.S.C.A. § 2201 extends the jurisdiction of Federal courts to actual controversies within their jurisdiction, to declare the rights and other legal relations between parties, but it excludes jurisdiction in those cases which are "with respect to Federal taxes".

4. In the Wilson case the right to proceed under the Declaratory Judgments Act in a tax case was considered. It was said in regard to the taxpayer's remedy, 141 F.2d at page 600:

"The Congress has provided ample machinery for the settlement of income tax controversies. If dissatisfied with the assessment made by the Commissioner, the taxpayer may, without paying the tax, petition the Tax Court for a redetermination, 26 U.S.C.A.Int.Rev.Code, § 272, or he may pay the tax, file claim for refund and sue to recover the tax if the claim is denied, 26 U.S.C.A.Int.Rev. Code, §§ 3770–3772. There is no provision, however, for suit against the Commissioner or Collector in advance of assessment for the purpose of controlling their official actions; and in the nature of things there ought not to be any such provision. The collection of the public revenues would be greatly disturbed and hindered, if the Commissioner and the various collectors were subject to control in the exercise of their duties by suits of this character."