**Edmund S. EVANS, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, et al., Defendants.**

**No. 80–40269.**

United States District Court,
E. D. Michigan, S. D.

Jan. 26, 1982.

Edmund S. Evans, pro. per.

Robert W. Haviland, Asst. U. S. Atty., Flint, Mich., John A. DiCicco, Tax Div., Dept. of Justice, Washington, D. C., for defendants.

MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Plaintiff has filed this action challenging the legality of Internal Revenue Code § 6694(a) under the Fifth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution. Defendant has filed a motion to dismiss; plaintiff has replied, and it is this motion which is presently before the Court.

Section 6694(a) of the Internal Revenue Code, 26 U.S.C. reads as follows:

"(a) If any part of any understatement of liability with respect to any return or claim for refund is due to the negligence or intentional disregard of rules and regulations by any person who is an income tax return preparer with respect to such return or claim, such person shall pay a penalty of one hundred dollars with respect to such return or claim."

is attempting to levy a penalty under § 6694(a) against him. In his preliminary pretrial conference form he says the IRS is "attempting to collect a preparer's penalty without any substantive merit in law or equity ..." Based on this statement, the Court will assume the IRS is attempting to collect the penalty from plaintiff. The defendant has brought a motion challenging this Court's subject matter jurisdiction.

Defendant contends that what plaintiff is seeking is in effect a declaratory judgment under 28 U.S.C. § 2201. That section reads as follows:

"In a case of actual controversy within its jurisdiction, except with respect to federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1952 or [certain bankruptcy actions], any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration ..."

The important language in the statute is of course the phrase "except with respect to federal taxes..." defendant contends that phrase precludes this Court's jurisdiction over this action.

In addition defendant contends this suit is barred by the doctrine of sovereign immunity.

Plaintiff answers that the "except with respect to federal taxes" language of the statute is unconstitutional as a denial of due process. Plaintiff contends his only other remedy would be to pay part of the fine levied, then sue for a refund. The requirement of a partial pre-payment, according to plaintiff, is akin to being forced to serve fifteen percent of a prison sentence before conviction, and thus is unconstitutional.

Finally, plaintiff argues, if the exception for federal taxes is struck from 28 U.S.C.

§ 2201, the remainder of the statute waives the government's sovereign immunity in this case.

It is clear that the language in 28 U.S.C. § 2201, if constitutional, would bar plaintiff's action. *Mitchell v. Riddell*, 402 F.2d 842 (CA 9, 1968) cert. den. 394 U.S. 456, 89 S.Ct. 1223, 22 L.Ed.2d 415 (1969); *Taylor v. Allan*, 204 F.2d 485 (CA 10, 1953). In fact, plaintiff does not really contest this interpretation of the statute. Plaintiff's primary challenge is to the constitutionality of that exception.

Plaintiff claims the statute violates due process because it leaves him with no viable remedy. This contention is plainly wrong. As plaintiff acknowledges in his reply to the motion, he has the option of paying a portion of the tax and then instituting refund proceedings under 26 U.S.C. § 7422 of the Internal Revenue Code, or plaintiff could file a petition in the Tax Court for redetermination of asserted deficiency without pre-payment. The requirement of 26 U.S.C. § 7422 that plaintiff pay a portion of the tax assessed before instituting suit is not unconstitutional. *Dodge v. Osborn*, DC 240 U.S. 118, 36 S.Ct. 275, 60 L.Ed. 557 (1916).

The availability of these remedies insure that the prohibition expressed in 28 U.S.C. § 2201 does not violate due process. *Mitchell v. Riddell, supra; see also Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974).[1]

Having found the exception in 28 U.S.C. § 2201 constitutional, and plainly applicable to the instant suit, plaintiff's claims are hereby DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

---

1. In that case the Supreme Court ruled on the constitutionality of the Anti-Injunction Act of the Internal Revenue Code of 1954, 26 U.S.C. § 7421(a). The Court summarily dismissed plaintiff's contention that the statute violated its right to due process, 40 L.Ed.2d 514, 515, 416 U.S. 746, 94 S.Ct. 2050. The Anti-Injunction Act has essentially the same effect as the exception contained in the Declaratory Judgment Act as recognized by the Court in footnotes 7 & 8 of its decision.