**Martin J. UECKERT, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 83–1782.

United States Court of Appeals, Eighth Circuit.

Nov. 17, 1983.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Carleton D. Powell, Thomas A. Gick, Tax Div., Dept. of Justice, Washington, D.C., for appellee.

Martin J. Ueckert, appellant pro se.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

Martin J. Ueckert appeals pro se from a decision of the tax court upholding a determination by the Commissioner of deficiencies and additions to income tax for the years 1976 and 1977. We affirm.

For each of the years in question, Ueckert submitted to the Internal Revenue Service (IRS) signed Forms 1040 containing only his name and address. Ueckert reported no income, credits, deductions, or tax liability. Instead, on each pertinent line of the forms he inserted the word "object." On the back of the 1977 form, Ueckert wrote, "[t]he entry (object) indicates that I assert my privilege to the fifth amendment." The two forms were not accepted by the IRS as valid income tax returns.

Because Ueckert either failed to keep adequate financial records or refused to make them available, the IRS determined the amount of his taxable income by the bank deposit method.[1] The IRS concluded that Ueckert owed a total of $11,082.09 in deficiencies and additions to tax, and sent him a Notice of Deficiency in August 1980. Ueckert responded by filing a petition with the tax court raising a general fifth amendment claim of privilege against self-incrimination, and seeking redetermination of the deficiency. The tax court rejected Ueckert's fifth amendment argument as frivolous in the absence of any pending or threatened prosecution. The tax court also concluded that Ueckert had failed to carry the burden of showing that the deficiencies and additions to tax asserted against him were erroneous. This appeal followed.

The principal issue raised by Ueckert on appeal is whether the tax court erred in rejecting his constitutional objections to completing his tax returns. Ueckert argues that providing income data on his tax forms would subject him to possible prosecution for an unnamed crime in violation of his fifth amendment privilege against self-incrimination. He contends, therefore, that he does not have to provide any financial information until he is granted immunity from all state and federal prosecution.

The tax forms filed by Ueckert for 1976 and 1977 contained no income in-

---

1. The bank deposit method has long been an acceptable method of indirectly determining income. *See Gleckman v. United States,* 80 F.2d 394, 399 (8th Cir.), *cert. denied,* 297 U.S. 709, 56 S.Ct. 501, 80 L.Ed. 996 (1935). During 1976 and 1977, Ueckert maintained a bank account at Farmers and Merchants Bank in Beach, North Dakota, into which he made periodic deposits totalling $17,224.76 in 1976, and $15,801.68 in 1977. Using the bank deposit method, the IRS determined that Ueckert had a taxable income of $14,949.76 in 1976, and $14,712.68 in 1977. Deficiencies were determined to be $4,200.03 and $4,092.30 respectively. Additions to tax were asserted under 26 U.S.C. §§ 6651(a) (failure to file a timely return without reasonable cause), 6653(a) (underpayment of taxes due to neglect or intentional disregard of revenue rules and regulations), and 6654 (failure to pay estimated income taxes).

formation from which tax liability could be calculated. They were thus inadequate to satisfy filing requirements and constituted failure to file valid returns. *See, e.g., United States v. Pryor,* 574 F.2d 440, 442 (8th Cir.1978); *United States v. Silkman,* 543 F.2d 1218, 1219 (8th Cir.1976), *cert. denied,* 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977); *United States v. Daly,* 481 F.2d 28, 29 (8th Cir.), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973). A taxpayer cannot rely on the privilege against self-incrimination to refuse to disclose any information or to fail to file a tax return. *See United States v. Sullivan,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927).[2] It is well established, moreover, that the fifth amendment privilege applies only where the danger of self-incrimination is real and appreciable, not remote and speculative. *See e.g., Zicarelli v. New Jersey State Commission of Investigation,* 406 U.S. 472, 478, 92 S.Ct. 1670, 1675, 32 L.Ed.2d 234 (1972); *Lukovsky v. Commissioner,* 692 F.2d 527 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1776, 76 L.Ed.2d 347 (1983); *Edwards v. Commissioner,* 680 F.2d 1268, 1270 (9th Cir.1982). Unless the danger of self-incrimination is readily apparent, the burden of showing such danger exists rests with the claimant of the privilege. *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951); *Rechtzigel v. Commissioner,* 703 F.2d 1063 (8th Cir.1983). Furthermore, the claimant cannot be the sole arbiter of whether the information sought would tend to incriminate. The court must decide whether his silence is justified. *Hoffman v. United States, supra,* 341 U.S. at 486, 71 S.Ct. at 818; *Rechtzigel v. Commissioner, supra,* 703 F.2d at 1064; *United States v. Johnson,* 577 F.2d 1304, 1311 (5th Cir.1978). The claimant need not

incriminate himself in order to invoke the privilege, but if the circumstances appear to be innocuous, he must make some positive disclosure indicating where the danger lies. *McCoy v. Commissioner,* 696 F.2d 1234, 1236 (8th Cir.1983).

■ In the present case, Ueckert has not met his burden of showing that a real and substantial danger of incrimination exists. Appellant acknowledges that the Commissioner informed him the IRS was neither conducting nor contemplating a criminal investigation of Ueckert with respect to the years in question. He contends, however, that his fear of prosecution is not so much from the IRS as from other governmental agencies with access to information in IRS files. Essentially, Ueckert's position is that some governmental entity might, at some future time, use the information on his tax forms to detect an offense and build a case against him. Ueckert has declined to produce any information from which the court might determine the merits of his self-incrimination claim or which would indicate that a grant of immunity was appropriate. Therefore, the tax court properly concluded that any possible danger of self-incrimination for a tax or nontax crime is too remote and speculative to support a fifth amendment claim.

We have considered all of appellant's other arguments,[3] and find them to be without merit.

■ The government urges us to impose sanctions on Ueckert for bringing this frivolous appeal. The issues raised by appellant have been decided many times, yet taxpayers insist on raising them again and again. Meritless appeals of this nature are becoming increasingly burdensome on the federal court system. While sanctions will

---

2. It may be permissible, however, to claim the privilege in response to a particular question, such as the source of the income, as opposed to a blanket refusal to supply information. *See United States v. Sullivan, supra,* 274 U.S. at 263; *Garner v. United States,* 424 U.S. 648, 651–52, 96 S.Ct. 1178, 1180–81, 47 L.Ed.2d 370 (1976); *United States v. Civella,* 666 F.2d 1122, 1126 n. 2 (8th Cir.1981).

3. Ueckert also contends that the deficiencies asserted were arbitrary, that his fourth amendment rights were violated, that the additions to tax were improperly asserted against him, that the tax court lacked jurisdiction over the case, and that he was denied due process because the tax court failed to accept a late reply brief submitted several days after the tax court entered a decision in the case.

be denied in the present case, we give notice that, in the future, this court will consider assessing just damages as well as double costs for taking frivolous appeals on issues already clearly resolved.

We affirm the judgment of the tax court.