Kelly L. BEARDEN, Plaintiff,

v.

COMMISSIONER OF INTERNAL
REVENUE, Defendant.

Civ. No. C–83–1022W.

United States District Court,
D. Utah, C.D.

Dec. 6, 1983.

Kelly L. Bearden, pro se.

Brent D. Ward, U.S. Atty., C. William Ryan, Asst. U.S. Atty., Salt Lake City, Utah, Robert S. Horowitz, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on the Commissioner of Internal Revenue's (the Commissioner) motion for summary judgment. That motion and a supporting memorandum were filed on November 2, 1983. Kelly L. Bearden (the plaintiff) has failed to respond to the Commissioner's motion within the period allowed by Rule 5(e) of the Civil Rules of Practice of the United States District Court for the District of Utah. The court, therefore, must resolve this motion without the benefit of the plaintiff's argument.

The undisputed facts of this case are few and simple. On April 15, 1983, the plaintiff filed a Form 1040, United States Individual Income Tax Return, for the tax year 1982 with the Internal Revenue Service (the IRS). On that return the plaintiff listed his name and his address, and he indicated that he did not want one dollar to go to the Presidential Election Campaign Fund and that he claimed one exemption for himself. IRS form 1040, Ex. B to Defendant's Memorandum in Support of Summary Judgment Motion. On every other line of that Form 1040, the plaintiff wrote "object self-incrimination." *Id.* The plaintiff signed the Form 1040 and attached to it a two-page letter to the IRS explaining the basis for his responses. *Id.*

On June 27, 1983, the IRS notified the plaintiff that pursuant to 26 U.S.C. § 6702 a $500.00 penalty had been assessed against him for filing a frivolous tax return. Within the allotted thirty days, the plaintiff paid fifteen percent of the fine and filed a claim for refund with the IRS. IRS Form 843, filed July 24, 1983, Ex. C to Defendant's Memorandum in Support. The IRS denied that claim for refund on August 11, 1983. Letter to Kelly L. Bearden, Ex. E to Defendant's Memorandum in Support. Within the allotted thirty days, the plaintiff commenced this action seeking to recover the seventy-five dollars he paid to the IRS and to have Sections 6702 and 6703(b) and (c) declared unconstitutional.

The court has discerned six separate arguments in the plaintiff's complaint. First, the plaintiff argues that the Tax Equity and Fiscal Responsibility Act (TEFRA), Pub.L. No. 248, 97th Cong., 2d Sess. (1982), which amended the Internal Revenue Code by adding Sections 6702 and 6703, is unconstitutional because it originated in the Senate in contravention of Article I, Section 7, Clause 1 of the United States Constitution. The bill that was signed into law as TEFRA originated in the House of Representatives as H.R. 4961. The Senate struck most of H.R. 4961 and added its own amendment. Nearly seventy-three years ago, the United States Supreme Court held that legislation that originated in the House of Representatives may be amended by the Senate in the manner

H.R. 4961 was amended without violating Article I, Section 7 of the Constitution. *Flint v. Stone Tracy Co.,* 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911). Applying *Flint* to TEFRA, the court holds that TEFRA was enacted in accordance with the Constitution. *Frent v. United States,* 571 F.Supp. 739, 742 (E.D.Mich.1983).

Second, the plaintiff argues that Sections 6702 and 6703 deprive him of property without due process and give judicial power to the IRS. Specifically, the plaintiff objects to the requirement that he pay fifteen percent of the assessed penalty before he can obtain review of the assessment determination. In 1931, the United States Supreme Court stated:

> The right of the United States to collect its internal revenue by summary administrative proceedings has long been settled. Where, as here, adequate opportunity is afforded for a later judicial determination of the legal rights, summary proceedings to secure prompt performance of pecuniary obligations to the government have been consistently sustained.

*Phillips v. Commissioner,* 283 U.S. 589, 595, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931) (citations omitted). The *Phillips* Court also stated that "[d]elay in the judicial determination of property rights is not uncommon where it is essential that governmental needs be immediately satisfied." *Id.* at 597, 51 S.Ct. at 611.

The Senate Report accompanying H.R. 4961 succinctly stated the purpose of the legislation.

> The committee is concerned with the rapid growth in deliberate defiance of the tax laws by tax protestors. The Internal Revenue Service had 13,600 illegal protest returns under examination as of June 30, 1981. Many of these protestors are induced to file protest returns through the criminal conduct of others. These advisers frequently emphasize the lack of any penalty when sufficient tax has been withheld from wages and encourage others to play the "audit lottery." The committee believes that an immediately assessable penalty on the filing of protest returns will help deter

> the filing of such returns, and will demonstrate the determination of the Congress to maintain the integrity of the income tax system.

S.Rep. No. 494, 97th Cong., 2d Sess. 277 (1982), U.S.Code Cong. & Admin.News 1982, pp. 781, 1023–1024.

■ Congress has determined that Sections 6702 and 6703 are necessary to maintain the integrity of the internal revenue system. An opportunity for judicial review has been created. The penalty assessment and review mechanism established by Sections 6702 and 6703 do not violate due process or vest judicial power in the IRS. *See, Riley v. Commissioner,* 566 F.Supp. 21, 24 (S.D.Ohio 1983); *Evans v. Internal Revenue Service,* 539 F.Supp. 805, 806 (E.D.Mich.1982) (upholding provisions creating a penalty assessment and review procedure identical to that established by Sections 6702 and 6703).

■ Third, the plaintiff argues that Sections 6702 and 6703 infringe upon his right to petition the government for redress of grievances. This argument is meritless. In *United States v. Malinowski,* 472 F.2d 850 (3d Cir.), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973), the court dismissed this argument.

> To urge that violating a federal law which has a direct or indirect bearing on the object of the protest is conduct protected by the First Amendment is to endorse a concept having no precedent in any form of organized society where standards of societal conduct are promulgated by some authority.

*Id.* at 857. The assessment of a penalty for a violation of the internal revenue laws does not infringe upon the plaintiff's First Amendment rights.

■ Fourth, the plaintiff argues that he has been penalized for asserting his right to remain silent, and that the penalty is an illegal sanction. Section 6702 applies to an individual who files a return that is frivolous or that is filed with the desire to impede the administration of the Federal income tax laws. A valid assertion of the

Fifth Amendment's protection against compelling a person to testify against himself would not violate that provision. Section 6702, therefore, does not penalize the assertion of the Fifth Amendment privilege, nor is it an illegal sanction.

■ Fifth, the plaintiff argues that Section 6702 is cruel and unusual punishment and that it is a bill of attainder. Congress has authority to enact civil fines in order to secure compliance with Federal income tax laws. *Helvering v. Mitchell,* 303 U.S. 391, 401, 58 S.Ct. 630, 634, 82 L.Ed. 917 (1938). That is what Congress did in enacting Section 6702. The fine imposed to Section 6702 does not amount to cruel and unusual punishment.

■ Although it is clear that Congress enacted Section 6702 because of its concern about the activities of tax protestors, the law punishes conduct, not tax protestors as such. All persons can avoid the penalty imposed by Section 6702 by conforming their conduct to the requirements of the internal revenue laws. Consequently, Section 6702 is not a bill of attainder. *Communist Party v. Subversive Activities Control Board,* 367 U.S. 1, 88, 81 S.Ct. 1357, 1406, 6 L.Ed.2d 625 (1961).

■ Finally, the plaintiff argues that his filing was not frivolous within the meaning of Section 6702 because he was exercising his Fifth Amendment right against compulsory self-incrimination. The plaintiff relies on *Garner v. United States,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976), in support of his claim. In *Garner,* the Supreme Court held that by failing to assert his Fifth Amendment rights at the time he filed his tax return, Garner waived these rights and that the statement on his tax return that he was a professional gambler could be used against him at a trial on charges that he violated federal gambling laws. *Id.* at 665, 96 S.Ct. at 1188. The *Garner* court, however, did not hold, nor intimate, that an individual may rely on the Fifth Amendment privilege to justify the failure to file a return. *Id.* at 650–52, 96 S.Ct. at 1180–81.

The law is to the contrary. As the Eleventh Circuit recently stated in the context of a prosecution for failure to file a return:

The law is reasonably clear. Every income earner is required to file an income tax return. A taxpayer cannot assert a Fifth Amendment privilege against compulsory self-incrimination to justify the failure to file any return at all. Protest documents duplicating in part U.S. individual income tax return form 1040's but containing no financial data are not tax "returns" for the purposes of section 7203. Although the source of income might be privileged, the amount must be reported. The failure to provide amounts on income tax returns cannot be justified out of a political disagreement with the tax laws or in protest against the policies of the Government.

*United States v. Pilcher,* 672 F.2d 875, 877 (11th Cir.) *cert. denied,* —— U.S. ——, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982) (citations omitted). In a similar situation, the Tenth Circuit reached the same conclusion.

A careful reading of *Sullivan* and *Garner,* therefore, is that the self-incrimination privilege can be employed to protect the taxpayer from revealing the information as to an illegal source of income, but does not protect him from disclosing the amount of his income.

*United States v. Brown,* 600 F.2d 248, 252 (10th Cir.), *cert. denied,* 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979). The Tenth Circuit reaffirmed that position in *United States v. Stillhammer,* 706 F.2d 1072, 1076–77 (10th Cir.1983), only seven months ago saying that the Fifth Amendment argument "has been rejected repeatedly by this court." *Id.* at 1076.

In this case, the plaintiff failed to respond to virtually every line of his Form 1040. A reading of the Form 1040 reveals that every line but one, the inquiry as to the filer's occupation, seeks information concerning the amount of income, deductions, or credits not the source of those amounts. The Fifth Amendment privilege against self-incrimination, therefore, did not protect the plaintiff against disclosure

of virtually all of the information which he declined to provide to the IRS.

Section 6702 does not define the term frivolous. However, the law with regard to the protection afforded by the Fifth Amendment privilege against self-incrimination is clear. The principle that that privilege does not permit an individual to refuse to file any return at all was enunciated first in *United States v. Sullivan*, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). Moreover, the Senate Report specifically mentioned a return "in which many or all line items are not filled in, except for spurious constitutional objections" as an example of the type of return that Congress intended to be subject to Section 6702. S.Rep. No. 494, 97th Cong., 2d Sess. 278 (1982). The court, therefore, finds that the plaintiff's return is frivolous as that term is used in Section 6702.

Section 6702(a)(1)(A) requires that the return "not contain information on which the substantial correctness of the self-assessment may be judged." The plaintiff has not challenged the Commissioner's finding that his return does not contain that information. The plaintiff could not have challenged that finding because even a cursory review of his Form 1040 demonstrates that it contains no self-assessment, as well as no information from which to determine the accuracy of a self-assessment.

The court has reviewed all of the plaintiff's arguments. For the reasons set forth above, the court has determined that those arguments lack merit. In addition, the court has determined that the record establishes that the plaintiff has violated Section 6702, and that the IRS properly assessed against the plaintiff the penalty provided for by that section.

Accordingly,

IT IS HEREBY ORDERED that the Commissioner's motion for summary judgment be granted.

Counsel for the Commissioner shall prepare and submit a proposed judgment within fifteen (15) days of notice of this order.