Cornelius KNOTTNERUS, Plaintiff,

v.

UNITED STATES of America and
Commissioner of Internal
Revenue, Defendants.

No. 83 C 7579.

United States District Court,
N.D. Illinois, E.D.

Jan. 31, 1984.

Cornelius Knottnerus, pro se.

Eileen M. Marutzky, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

This case is before the court on the defendant's motion to dismiss or in the alternative for summary judgment. The motion is based entirely on the pleadings and therefore shall be treated as a motion for judgment on the pleadings. The allegations of the complaint are taken as true for purposes of this motion.

The plaintiff alleges that he filed his 1982 income tax return which was found to be frivolous by the Internal Revenue Service. The plaintiff did not provide any of the information required by the income tax return, but instead asserted his right against self-incrimination and provided to the Service a 16-page memorandum and exhibits supporting his grounds for asserting and claiming his right against self-incrimination. Although the tax return is not part of the record, the complaint specifically alleges that the plaintiff's grounds for his fear of self-incrimination are as follows (¶ 3(h) of the complaint):

Unless we are granted immunity in exchange for the information, it can be used by the Justice Department to prosecute us for a non-tax crime; it can be

presented to a Grand Jury or used as a lead to obtain evidence which can be presented to a Grand Jury, to help get us convicted and prosecuted; if we have given false financial information to any department or agency of state or federal government, the financial information which we are required to supply on a tax return could tend to incriminate us of a non-tax crime; if we have supplied false financial information to obtain Social Security Benefits, Governmentally Insured Mortgages, Education Loans, Education Grants, Mortgage Assistance Payments, Federal Old Age Survivors and Disability Insurance, a loan from a federal bank; or if we have committed any offense under the Trade Laws, Securities and Exchange Laws, Commerce Laws, Labor Laws etc; or if we are falsely, maliciously, and without good foundation accused of such, the information which we are required to supply on our return could, and very likely would, be used to help detect the offense, or build a false and malicious case against us, and help establish probable cause by misinterpretation of ambiguous circumstances.

The crime that we fear being prosecuted for, if we are compelled to supply information as to our income, is within the grouping which we have stated, but we don't have to confess which one it is or state a specific danger.

The plaintiff timely filed his response to the government's motion but asked for an additional 60 days in which to file a fuller response. The response the plaintiff did file contains a sophisticated, articulate discussion of the plaintiff's position and refers the court to a number of cases and relevant materials, such as the Manual Supplement, Department of Treasury, Internal Revenue Service, which discusses the Service's treatment of taxpayers who file self-incrimination tax returns. Plaintiff is seeking an order of immunity and asserts that upon receipt of this order he will provide the required information to the Service. In addition, the plaintiff complains that the Service is arbitrarily characterizing him and others similarly situated as "illegal" tax protesters.

The court has reviewed the applicable case precedents because the plaintiff is appearing pro se. Based on this review, the court concludes that granting the plaintiff an additional 60 days in which to further respond to the motion would be futile.

The penalty assessed against the plaintiff by the Service was under 26 U.S.C. § 6702 which provides for a civil penalty of $500 if the taxpayer files a return which does not contain information on which the substantial correctness of the taxpayer's self-assessment may be judged and such conduct is due to a position which is frivolous. The assertion of the right against self-incrimination in a tax return is frivolous when the taxpayer does not make a colorable showing that he is involved in some activity for which he could be criminally prosecuted. *United States v. Verkuilen*, 690 F.2d 648, 654 (7th Cir.1982). The grounds for the plaintiff's fear of self-incrimination, set forth above, do not constitute such a colorable showing.

It is important to note that the taxpayer's state of mind when filing his tax return is not part of the test. Thus, even assuming the plaintiff's good faith when he filed his return, the tax return still meets the test of Section 6702.

The government's motion also notes that the Commissioner of Internal Revenue is not the proper defendant and in response to this motion the plaintiff has moved to amend to make the United States the defendant. The motion to amend will be granted. The government's motion for summary judgment is granted. This case is dismissed.

It is so ordered.