Martin J. UECKERT, Plaintiff,

v.

**UNITED STATES of America, Commissioner of Internal Revenue, Defendants.**

Civ. No. A1–83–135.

United States District Court, D. North Dakota, Southwestern Division.

March 26, 1984.

Martin J. Ueckert, pro se.

Frank G. Gokey, Tax Div., Dept. of Justice, Washington, D.C., Jerome C. Kettleson, Asst. U.S. Atty., Bismarck, N.D., for defendants.

## ORDER

VAN SICKLE, District Judge.

Plaintiff sues pro se to overturn a civil tax penalty assessed against him under 26 U.S.C. § 6702. Defendants move for judgment on the pleadings or for summary judgment. Because defendants rely on materials outside the pleadings, the Court will treat the motion as a Rule 56, Fed.R.Civ.P., motion for summary judgment.

The material facts are not in dispute. Plaintiff filed an income tax return for 1982 which listed (None) or (Object) for all line items except those indicating his filing status and exemptions. To the end of the return, he added:

The entry (Object) indicates that I am specifically claiming the Constitutional right to remain silent guaranteed by the Fifth Amendment. I refuse to be a witness against myself or furnish information which might tend to incriminate me and I request immunity under 18 U.S.C. Section 6004.

The Internal Revenue Service (IRS) determined that the return was frivolous and assessed a $500 penalty against plaintiff under the provisions of 26 U.S.C. § 6702. Plaintiff filed a claim for refund, contesting the penalty, and paid $75 of the fine, as required by 26 U.S.C. § 6703. After IRS denied the claim for refund, plaintiff brought this suit seeking refund of the $75, abatement of the remaining penalty, and a declaratory judgment that 26 U.S.C.

**1264**

§§ 6702 and 6703(b) and (c) are unconstitutional.

### 1. Origination Clause

Sections 6702 and 6703 were enacted as part of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97–248, 96 Stat. 324, 622. Plaintiff contends that the passage of TEFRA violated the origination clause of the Constitution, which provides that:

All Bills for Raising Revenue shall originate in the House of Representatives; but the Senate may propose or concur with Amendments as on other bills.

U.S. Const. art. I, § 7, cl. 1.

■ Contrary to plaintiff's contention, Congress followed the procedure required by the origination clause. As long as a revenue bill originates in the House, even substantial Senate amendments do not violate the dictates of the origination clause. *Flint v. Stone Tracey Co.*, 220 U.S. 107, 142–43, 31 S.Ct. 342, 345, 55 L.Ed. 389 (1911). The House initially passed the bill which became TEFRA, as a bill making "miscellaneous changes in the tax laws." S.Rep. No. 494, 97th Cong., 2d Sess. 2, *reprinted in* 1982 U.S.Code Cong. & Ad. News 781, 782. The Senate amended the bill, deleting nearly the entire House bill and inserting TEFRA, which was related to the subject matter of the original bill, *id.* at 96, *reprinted* at 865. TEFRA made it through a Conference Committee, ultimately gaining the approval of both the House and Senate. This is precisely the type of change and compromise that is contemplated by the origination clause. Thus, the passage of TEFRA was constitutional. *See, e.g., Frent v. United States*, 571 F.Supp. 739, 742 (E.D.Mich.1983); *Bearden v. Commissioner of Internal Revenue*, 575 F.Supp. 1459, 1460–61 (D.Utah 1983).

### 2. Fifth Amendment

Plaintiff contends that his tax return was not frivolous, because he validly asserted

his Fifth Amendment rights, and even if he erroneously took the Fifth, he did so in good faith.

■ Section 6702 applies to a purported return in which "many or all of the line items are not filled in, except for spurious constitutional objections." S.Rep. No. 494, 97th Cong., 2d Sess. 278, *reprinted in* 1982 U.S.Code Cong. & Ad.News at 1024. The issue of whether a taxpayer has validly asserted the Fifth Amendment privilege against self-incrimination is a question of law for the court to decide. *United States v. Grabinski*, 558 F.Supp. 1324, 1333 (D.Minn.1983), *aff'd in part, rev'd in part*, 727 F.2d 681 at 686 (8th Cir.1984). Defendants bear the burden of proving that the penalty was justified. 26 U.S.C. § 6703.

■ It is well-established that a taxpayer cannot rely on the privilege against self-incrimination to refuse to supply any information on his return from which his tax liability can be determined. *Ueckert v. Commissioner of Internal Revenue*, 721 F.2d 248, 250 (8th Cir.1983). The privilege only applies where the danger of self-incrimination is real and appreciable, rather than remote and speculative. *Id.* The taxpayer cannot be the sole arbiter of whether the information sought would tend to incriminate. *Id.* If the circumstances appear to be innocuous, he must make some positive disclosure indicating where the danger lies. *Id.*

■ A federal income tax return seeks answers to mundane tax questions. Yet plaintiff's return failed to state specific facts showing a real and appreciable danger of self-incrimination.* And it failed to provide any information on which plaintiff's tax liability could be determined or checked. Therefore, plaintiff's return was frivolous on its face. *See, e.g., Hazewinkel v. United States*, 53 A.F.T.R.2d (P–H) ¶ 84–390 at 578–79 (D.Minn.1983); *Milazzo v.*

---

* Plaintiff's claim for refund sets out a general fear that governmental agencies would have access to the information requested on the return, and that they would ultimately use the informa-

tion to prosecute him for an unspecified non-tax offense. This fear would not represent a real and appreciable danger of self-incrimination, even if it were listed on the return.

*United States,* 578 F.Supp. 248, 53 A.F.T.R.2d (P–H) ¶ 84–396 at 601–03 (S.D.Cal.1984); *Lutz v. United States,* 53 A.F.T.R.2d (P–H) ¶ 84–368 at 519 (E.D.Mich.1983).

Good faith is irrelevant to determining whether a § 6702 penalty was properly assessed. *See Lutz, supra; Knottnerus v. United States,* 582 F.Supp. 1572 at 1573, (E.D.Ill.1984). First, the statutory language describes objective conduct which can be discerned from the tax return itself. "Willfulness" is not an element of the conduct proscribed as it is, for example, in a criminal prosecution for failure to file a tax return, where good faith is a defense. *See, generally,* 26 U.S.C. § 7203; *United States v. Daly,* 481 F.2d 28 (8th Cir.1973); *Grabinski,* 558 F.Supp. at 1326, 1333. Second, Congress specifically intended the penalty to apply to "purported returns that are *patently* improper." S.Rep. No. 494, 97th Cong., 2d Sess. 277, *reprinted in* 1982 U.S. Code Cong. & Ad.News at 1024 (emphasis added). Thus, even assuming plaintiff's good faith, the IRS properly assessed the penalty against plaintiff for a frivolous return.

### 3. *Arbitrary and Capricious Procedures*

Plaintiff alleges that the IRS automatically assesses the penalty for all constitutional claims on tax returns, even valid ones. He argues that this procedure is arbitrary and capricious. Assuming, arguendo, the truth of plaintiff's allegation, this Court fails to see how plaintiff was injured by such a procedure.

### 4. *Procedural Due Process*

Congress intended for the penalty under § 6702 to be assessed immediately. S.Rep. No. 494, 97th Cong., 2d Sess. 277–78, *reprinted in* 1982 U.S.Code Cong. & Ad. News at 1023–24. It provided for a two-step appeals procedure following assessment, which begins with a claim for refund with the IRS and then progresses to judicial review. 26 U.S.C. § 6703. However,

plaintiff contends that procedural due process requires a pre-assessment hearing.

Procedural due process is a flexible concept and does not always require a hearing before property is taken. *Mathews v. Eldridge,* 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1975). This Court must balance three factors to determine when a hearing is required: (1) the private interest affected by official action, (2) the risk of erroneous deprivation through the procedures used and the probable value, if any, of additional or substitute procedural safeguards, and (3) the government's interest. *Id.* at 335, 96 S.Ct. at 903.

The government has a powerful interest in the prompt collection of revenue. No matter how burdensome taxes are, they are necessary to effectively run the government. Tax collection is inherently repressive and voluntary collection may be even more repressive than compulsory collection. But, to make voluntary collection effective, it is self-evident that a considerable level of authority must exist in our tax collectors.

This governmental interest is checked with appeal procedures to protect the private interest in retaining certain property. These procedures are adequate to prevent erroneous determinations that a tax return is frivolous; and a pre-assessment hearing would add little to the accuracy of the IRS determinations. The availability of post-assessment procedures has been the critical factor validating tax enforcement procedures. *Bob Jones University v. Simon,* 416 U.S. 725, 747, 94 S.Ct. 2038, 2051, 40 L.Ed.2d 496 (1973); *Phillips v. Commissioner of Internal Revenue,* 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931). Thus, immediate assessment of the penalty under § 6702 is constitutional under the due process clause. *See, e.g., Hazewinkel, supra* at 579; *Millazzo, supra* at 603; *Lutz, supra; cf. Riley v. Commissioner of Internal Revenue,* 566 F.Supp. 21, 24 (E.D. Ohio 1983); *Evans v. Internal Revenue*

*Service,* 539 F.Supp. 805, 806 (E.D.Mich. 1982).

### 5. Bill of Attainder

■ Plaintiff also contends that § 6702 is a bill of attainder, unconstitutional under U.S. Const. art. I, § 9, cl. 3. However, the statute proscribes conduct only, and does not inflict punishment on a specific group. *Milazzo, supra* at 604. All persons can avoid the penalty by conforming their conduct to the requirements of the revenue laws. *Bearden, supra* at 1462. Thus, § 6702 is not a bill of attainder. *Communist Party v. Subversive Activities Control Board,* 367 U.S. 1, 88, 81 S.Ct. 1357, 1406, 6 L.Ed.2d 625 (1961).

### 6. Free Speech

■ Finally, plaintiff argues that § 6702 would violate his First Amendment right to free speech, if he were a tax protester. He specifically denies that he is such a person. The Court notes that plaintiff is not a newcomer to the arena of "protest returns," *see Ueckert, supra,* and that the complaint and other legal papers filed by plaintiff follow a form and style that is all too similar to other protester suits. In the face of plaintiff's denial, however, the First Amendment issue is not forthrightly before the Court.

If it were, the plaintiff would face huge obstacles to prevailing on this claim. First, as even plaintiff concedes, the government has a compelling interest in tax collection. Second, a § 6702 penalty is far less restrictive than the criminal prosecution which was formerly used to deter conduct like plaintiff's. And third, § 6702 is narrowly tailored to meet the goal of tax collection and does not inhibit more direct and effective avenues of expression. *Franklet v. United States,* 53 A.F.T.R.2d (P–H) ¶ 84–381 at 557 (N.D.Calif.1984), citing *United States v. O'Brien,* 391 U.S. 367, 376–77, 88 S.Ct. 1673, 1678–79, 20 L.Ed.2d 672 (1968) to uphold § 6702 against a free speech challenge.

### CONCLUSION

For the above reasons, defendants are entitled to judgment as a matter of law, and IT IS ORDERED that:

1. Defendants' motion for summary judgment is granted.
2. Plaintiff's motion to deny defendants' motion for summary judgment is denied.