**UNITED STATES of America, Appellee,**

v.

**Emmanuel M. LONIELLO, Appellant.**

**No. 84–1556.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1984.

Decided Sept. 28, 1984.

Robert G. Ulrich, U.S. Atty., Cynthia Clark Campbell, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Jeffrey Shrom, Missoula, Mont., for appellant.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Emmanuel M. Loniello appeals from a judgment entered in the district court[1] following a jury verdict finding him guilty of four counts of willful failure to file tax returns for 1978, 1979, 1980 and 1981 in violation of 26 U.S.C. § 7203. For reversal appellant contends that the district court erred in instructing the jury. We affirm.

For the years in question appellant submitted 1040 forms on which he supplied his name, address, filing status and number of exemptions. On several line items concern-ing income, credits and payments he responded "none." In response to the remaining line items appellant stamped "object-self incrimination."

At the close of the government's case, the district court instructed the jury that "as a matter of law ... [appellant's] returns are not sufficiently filled out and do not contain sufficient information to constitute a federal income tax return as required by federal law." Appellant's counsel did not object to the instruction. On appeal appellant contends the district court committed plain error because, among other reasons, the instruction eliminated his right to assert the fifth amendment privilege against self-incrimination and because the instruction deprived him of his right to a jury determination of whether the returns were valid. Appellant's arguments are without merit.

■ On a 1040 form it may be permissible for a taxpayer to claim his fifth amendment "privilege in response to a particular question, such as the source of the income[.]" *Ueckert v. Commissioner*, 721 F.2d 248, 250 n. 2 (8th Cir.1983) (per curiam). A taxpayer, however, cannot, as he attempts to do here, rely on the privilege to support a "blanket refusal to supply information." *Id.* Furthermore, this court has recently held that "the issue of whether a return is valid for section 7203 purposes is a question of law for the court to decide." *United States v. Grabinski*, 727 F.2d 681, 686 (8th Cir.1984). In determining whether a return is valid for section 7203 purposes, a court must consider "whether there is sufficient information given from which the IRS can calculate tax liability based on the circumstances of the taxpayer's income year." *Id.* In this case, because appellant filed forms that contained no information from which tax liability could be calculated, the district court correctly instructed the jury that as a matter of law the forms were not valid tax returns. *See id.* at 687.

---

1. The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri.

We have considered appellant's other arguments and find them to be without merit. Accordingly, the judgment of the district court is affirmed.