**Doren W. GREEN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. L 83–100.

United States District Court,
N.D. Indiana,
Hammond Division.

Oct. 5, 1984.

Doren W. Green, pro se.

R. Lawrence Steele, Jr., U.S. Atty., Hammond, Ind. by Christina McKee, Asst. U.S. Atty., Fort Wayne, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

The plaintiff taxpayer filed a complaint for refund under 28 U.S.C. § 1340 and 26 U.S.C. § 7402(a) on September 13, 1983. The plaintiff filed motion for summary judgment on December 9, 1983 and a pretrial conference was held in open court on April 6, 1984. Defendant filed motion for summary judgment on February 22, 1984. Said motions are now ripe for ruling.

This case involves a $500 civil penalty assessed against the plaintiff in accordance with Section 6702 of the Internal Revenue Code of 1954 (26 U.S.C.), which was added to the Code by Section 326(a) of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.Law No. 97–248. The plaintiff filed what purports to be a federal income tax return for the year 1982, on which he crossed out a portion of the printed jurat above his signature. The Internal Revenue Service determined that this purported tax return could not be processed and that it constituted a "frivolous" pur-

ported return within the meaning of Section 6702. Accordingly, the Section 6702 penalty was assessed. The plaintiff has paid at least 15 percent of the assessed penalty and is therefore entitled to challenge the assessment of the penalty in this Court pursuant to the provisions of Section 6703 of the Code, Appendix, *infra.* Jurisdiction is provided by 28 U.S.C. Section 1346(a)(1).

There is no dispute as to the facts here.

The plaintiff's purported 1982 federal income tax return consists of an IRS Form 1040 with various schedules, a W–2 wage statement, and two 1099 forms indicating interest and dividends paid to the plaintiff. A portion of the jurat above the plaintiff's signature on page 2 of the 1040 Form is crossed out. The crossed out portion states that the signature is provided "under penalties of perjury." The purported return could not be processed by the IRS because the plaintiff, by crossing out the portion of the printed jurat on the return above his signature, failed to sign the return under penalties of perjury as required by law.

The IRS assessed a frivolous return penalty in the amount of $500 against the plaintiff under Code Section 6702. The plaintiff has paid the assessed penalty and filed a claim for refund, which the IRS denied. The plaintiff then filed this suit.

The complaint requests this Court to order a refund of the plaintiff's $500 penalty payment on the grounds that the plaintiff did not file a frivolous tax return within the meaning of Section 6702.

In an attempt to deter the filing of frivolous tax returns, Congress in 1982 added Section 6702 to the Internal Revenue Code of 1954, providing for a $500 penalty against persons who file such returns or purported returns. The legislative history of TEFRA reveals that Section 6702 is designed to deter taxpayers from filing returns or purported returns which contain insufficient information for determining the correctness of the taxpayer's self-assessment of tax, or which contain informa-

tion which on its face indicates that the amount of tax shown on the return is substantially incorrect. See S.Rep. No. 494, 97th Cong., 2d Sess. 277, U.S.Code Cong. & Admin.News 1982, p. 781. Section 6702 provides:

SEC. 6702. FRIVOLOUS INCOME TAX RETURN.

(a) *Civil Penalty.*—If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

(b) *Penalty in Addition to Other Penalties.*—The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

The Senate Report, at pages 277–278, U.S. Code Cong. & Admin.News 1982, at page 1024, provides four examples of instances in which the Section 6702 penalty applies. First, the penalty may be assessed when a purported return appears to be an IRS Form 1040, but contains "altered or incorrect descriptions of line items or other provisions." Second, the penalty applies with respect to a return or purported return in which "many or all of the line items are not filled in, except for spurious constitutional objections." Third, a return or purported return which contains insufficient information by which to calculate the tax, or contains inconsistent information, or otherwise reveals a frivolous position or a desire to impede the tax laws is subject to the penalty. Finally, the Section 6702 penalty can "be imposed against any individual filing a

'return' showing an incorrect tax due, or a reduced tax due, because of the individual's claim of a clearly unallowable deduction."

■ This case involves the type of purported tax returns discussed in the Senate Report's first and third examples quoted above. The plaintiff's purported 1982 return is a return which contains altered provisions, which contains insufficient information by which to judge the substantial correctness of the plaintiff's self-assessment, and which otherwise reveals a frivolous position and a desire to impede the administration of the tax laws.

By crossing out a portion of the jurat above his signature on the purported return, the plaintiff failed to certify that the entries on the form were correct. Without this certification, the IRS could not determine the substantial correctness of the self-assessment on the purported return and, indeed, could not even process the purported return. There is no doubt that a federal income tax return must be signed under penalties of perjury. Nor is there doubt that a taxpayer is prohibited from altering any portion of a jurat on a return. Sections 6061 and 6065 of the Code provide in pertinent part:

SEC. 6061. SIGNING OF RETURNS AND OTHER DOCUMENTS.

\* \* \* any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary.

SEC. 6065. VERIFICATION OF RETURNS.

\* \* \* any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.

■ A return not signed under penalties of perjury does not contain sufficient information by which to calculate the taxpayer's tax liability or by which to judge the substantial correctness of the self-assessment.

Under the Internal Revenue Code, tax liability can only be calculated based upon properly verified information. Moreover, by altering the jurat in violation of Code Sections 6061 and 6065, the plaintiff asserted that a return does not have to be filed under penalties of perjury, a position which is legally frivolous. An income tax return which is not signed under penalties of perjury is invalid and cannot be processed by the IRS. *Cupp v. Commissioner*, 65 T.C. 68, 78–79 (1975); affirmed by unpublished order (10th Cir. January 20, 1978). *See also, Lucas v. Pilliod Lumber Co.*, 281 U.S. 245, 50 S.Ct. 297, 74 L.Ed. 829 (1930)

The plaintiff's purported 1982 income tax return fits within the Section 6702 definition of a frivolous income tax return. Thus the Section 6702 penalty was properly assessed against the plaintiff.

The plaintiff's motion for summary judgment is DENIED. The defendant's motion for summary judgment is GRANTED. Costs assessed against plaintiff.