**David L. WALL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 84–1956.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1985.

Decided Feb. 27, 1985.

Richard H. Zimmermann, Iowa City, Iowa, for appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Washington, D.C., for appellee.

Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.

PER CURIAM.

David Wall filed a 1982 tax return in which he claimed a "war tax deduction" of $6,060. He attached a statement with his return explaining that he was choosing not "to contribute to the war machine of this country" based upon his religious convictions, and that he desired to contribute the refund for charitable purposes.

Upon receiving Wall's 1982 return, the Internal Revenue Service (IRS) assessed a penalty of $500 against him under 26 U.S.C. § 6702. Wall paid fifteen percent of the penalty, and filed a claim for a refund with the IRS pursuant to 26 U.S.C. § 6703(c). The IRS denied this claim, and Wall then filed suit for a refund in federal district court. The district court granted summary judgment for the IRS. Wall now brings this appeal.

On appeal, Wall contends that the penalty violates his first amendment rights of free speech and free exercise of religion. The Supreme Court has held, however, that the necessities of revenue collection through a sound tax system raise governmental interests sufficiently compelling to outweigh the free exercise rights of those who find the tax objectionable on bona fide religious grounds. *United States v. Lee,* 455 U.S. 252, 260, 102 S.Ct. 1051, 1056, 71 L.Ed.2d 127 (1982). Congress enacted section 6702 in order to improve compliance with the federal tax laws, responding to "the rapid growth in deliberate defiance of the tax laws by tax protestors." S.Rep. No. 494, 97th Cong., 2d Sess. 74, 277–78, *reprinted in* 1982 U.S.Code Cong. & Ad. News 781, 1023–25. Consequently, the courts have clearly held that taxpayers assessed a penalty under section 6702 for claiming a "war tax deduction" are not unlawfully penalized for expressing their moral or religious beliefs, but are penalized because they file returns containing substantially incorrect self-assessments based on a clearly unallowable credit. *See, e.g., Kahn v. United States,* 753 F.2d 1208 (3d Cir.1985); *Welch v. United States,* 750 F.2d 1101, 1105–1110 (1st Cir.1985).

The judgment of the district court is therefore affirmed.