**McKinley L. BOOMER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 84–1813.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 15, 1985.

Decided March 1, 1985.

McKinley L. Boomer, pro se.

Glenn L. Archer, Jr., Washington, D.C., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

The Commissioner of Internal Revenue assessed a tax penalty against McKinley L. Boomer for filing a frivolous tax return for 1982. Boomer paid the penalty and then filed suit, pro se, against the United States, asking for a refund. The District Court[1]

---

1. The Hon. Andrew W. Bogue, Chief United States District Judge for the District of South Dakota.

granted the defendant's motion for summary judgment. We affirm.

Boomer filed a Form 1040 for the year 1982 which contained no information regarding income, deductions, or tax owed. He provided only his name and address. All other lines contained only zeros or asterisks. At the top of the first page of the purported return he typed, "I OFFER TO AMEND OR REFILE THIS RETURN ANY WAY YOU WANT IF YOU WILL JUST SHOW ME HOW I CAN DO SO WITHOUT WAIVING *ANY* OF MY CONSTITUTIONAL RIGHTS." At the top of the second page he typed, " *Because of my fear of the governments [sic] power to compel information, I must object under the 4th & 5th, 8th & 9th Amendments to the U.S. Constitution until you give me a grant of immunity in non-tax related cases." On the lines which asked for his and his spouse's social security numbers, he typed "OBJECT: 4th & 5th Amend."

The Commissioner assessed a frivolous-return penalty of $500 against Boomer because the return did not contain information on which the substantial correctness of the self-assessment could be judged, and the taxpayer's conduct was a result of a frivolous position or a desire to delay or impede the administration of the tax laws. See 26 U.S.C.A. § 6702(a) (Supp.1984). Boomer paid fifteen per cent. (15%) of the penalty ($75) and filed a claim for a refund with the Internal Revenue Service. See 26 U.S.C.A. § 6703(c) (Supp.1984). The request for a refund was denied. Boomer then filed suit in the District Court asking for the return of his $75 and for the Court to declare 26 U.S.C.A. § 6702 unconstitutional. The District Court denied the requested relief, and Boomer appealed to this Court.

On appeal Boomer argues: (1) the words "frivolous return" in 26 U.S.C.A. § 6702 are unconstitutionally vague; (2) a claim based on the Fifth Amendment privilege is not frivolous; (3) the First Amendment protects him from being penalized for asserting the Fifth Amendment privilege; and (4) he was entitled to a hearing. We have held numerous times that the Fifth Amendment claim made by Boomer is without merit, and we find the other arguments are clearly frivolous. Damages and double costs are authorized by 28 U.S.C. § 1912 (1982) and Fed.R.App.P. 38. We grant defendant's request for sanctions and impose upon appellant $500 damages and double costs.

Affirmed.