604 F.Supp. 804 (1985)
Joseph W. MILLER and Cathy Miller, Plaintiffs,
v.
UNITED STATES of America, Defendant.
No. 84-2698C(1).
United States District Court, E.D. Missouri, E.D.
March 20, 1985.
*805 Joseph and Cathy Miller, pro se.
Mary Frances Clark, Tax Division, U.S. Dept. of Justice, Washington, D.C., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on defendant's motion to dismiss or for summary judgment. This Court grants defendant's motion for summary judgment.
This is a suit by plaintiffs for refund of an income tax penalty payment of $75.00. It is undisputed that plaintiffs jointly filed a tax return for the year 1983. On said tax return plaintiffs provided their names and address, but placed asterisks in all the other lines. At the bottom of each page of the tax return was an asterisk with the following language placed after it:
This means specific objection is made under the Fifth Amendment, U.S. Constitution. Similar objection is made to the question under the First, Fourth, Seventh, Eighth, Ninth & Fourteenth Amendments for civil issues.
Pursuant to § 6702 of the Internal Revenue Code of 1954, as amended, 26 U.S.C. § 6702, the Internal Revenue Service determined that plaintiffs' tax return was a "frivolous" return and assessed a $500.00 penalty against them. Section 6702 was added to the Code by Section 326(a) of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.Law No. 97-248. Plaintiffs were given a notice that the penalty was assessed. Thereafter, plaintiffs made a partial payment of 15% of the penalty ($75.00) and filed a claim for a refund with the Internal Revenue Service. The plaintiffs' claim for a refund was disallowed on October 17, 1984. On November 20, 1984, plaintiffs filed this suit for a refund. Plaintiffs' complaint challenges the assessment of the penalty and the statute which authorized said penalty on constitutional grounds.
Assuming, without deciding, that plaintiffs' complaint was timely filed, plaintiffs' position is meritless as a matter of law. Plaintiffs' constitutional objections to § 6702 and § 6703 have recently been rejected by the Eighth Circuit Court of Appeals on more than one occasion. Boomer v. United States, 755 F.2d 696 (8th Cir. 1985); Wall v. United States, 756 F.2d 52 (8th Cir. 1985); Baskin v. United States, 738 F.2d 975 (8th Cir.1984). Moreover, plaintiffs' complaint was clearly "frivolous" because it does nothing but claim spurious constitutional objections. See Ueckert v. Commissioner, 721 F.2d 248, 250 (8th Cir.1983).
Defendant seeks an award of attorney's fees and imposition of sanctions, because plaintiffs filed a complaint which is clearly meritless and frivolous. This request is well taken. Plaintiffs' claims were *806 raised in bad faith and asserted vexatiously because they are patently frivolous and because plaintiffs intended them to impede the enforcement of the income tax laws when they filed their return. Under these circumstances, an award of defendant's attorney's fees and costs is appropriate under Rule 11. Fed.R.Civ.P. 11. Plaintiffs shall pay defendant's attorney's fees in the amount of $200.00 and costs.