William **SCHOFFNER**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

No. C–2–83–1355.

United States District Court,
S.D. Ohio, E.D.

Oct. 15, 1985.

William Schoffner, pro se.

Albert R. Richter, Asst. U.S. Atty., and David Monson, Dept. of Justice, Washington, D.C., for the U.S.

### MEMORANDUM AND ORDER

HOLSCHUH, District Judge.

Plaintiff William Schoffner brings this action seeking review of two five hundred dollar penalties assessed by the Commissioner of Internal Revenue against him for filing frivolous tax returns for the tax years 1980 and 1981. This matter is before the Court on defendant's motion to dismiss or for summary judgment.

### I.

On October 7, 1982 plaintiff filed two tax forms 1040A for the tax years 1980 and 1981. Each line of the returns, including the spaces for filing status, exemptions and income, was marked either "none" or with an asterisk. At the top of the forms plaintiff wrote "I offer to amend or to refile this return exactly as you wish it if you will please show me how to do so without waving [sic] my constitutional rights." On the

right margin of the two returns was written, "I do not understand this return nor the laws that apply to me. Signature involuntarily given under threat of statutory punishment. I request complete immunity per 18 U.S.C. § 6002 and § 6004 before waiving any constitutional or natural rights including the fifth amendment guarantee of not being a witness against myself." At the bottom of the page, plaintiff explained the numerous asterisks on the return, "This means specific objection is made under the 5th Amendment, U.S. Constitution, and that similar objection is made to the question under the 1st, 4th, 7th, 8th, 9th, 10th, 13th, 14th and 16th Amendments."

On April 25, 1983 the Commissioner assessed two five hundred dollar penalties against plaintiff for filing a "frivolous" return for 1980 and 1981, pursuant to 26 U.S.C. § 6702. Plaintiff was notified by mail of the assessment and of his appeal rights. On April 29, 1983 plaintiff filed two claims for refund, accompanied by the required payment of fifteen percent (15%) of the assessed penalty. On July 24, 1983 the IRS denied the claims for refund. This action followed.

## II.

The provisions of the tax code under which the penalties were assessed, 26 U.S.C. § 6702, provides:

(a) Civil penalty.—If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impeded the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

(b) Penalty in addition to other penalties. —The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

Section 6702 was enacted in 1982 in an attempt by Congress to stem the growth of deliberate defiance of the tax laws by tax protestors. S.Rep. No. 494, 97th Cong.2d Sess. 277, *reprinted in* 1982 U.S.Code Cong. & Ad.News 781, 1023–24. The Senate report provides that "[t]he penalty will be immediately assessable against any individual filing a 'return' in which many or all of the line items are not filled in except for references to spurious constitutional objections." *Id.* at 1024.

Plaintiff's tax returns clearly fall within the parameters of section 6702. The returns contain no information at all. Section 6702(a)(1)(A). Moreover, plaintiff's claim of a fifth amendment privilege as to every item on the return is based upon a frivolous position. Section 6702(a)(2)(A). A claim is frivolous where there is no argument on either the law or the facts to support the claim, *Davis v. Oklahoma Dept. of Corrections,* 516 F.Supp. 5 (W.D. Okla.1980), or where the law has long been settled against the claimant. *Lonsdale v. Commissioner,* 661 F.2d 71 (5th Cir.1981).

It is a matter of well-established law that a taxpayer may not avoid submitting any information on his income tax return by making spurious constitutional objections. *United States v. Sullivan,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). Only a validly exercised privilege as to specific items may excuse the failure to provide certain income tax information. *Garner v. United States,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976). In this regard, the Supreme Court stated in *United States v. Sullivan, supra:*

If the form of return provided called for answers that [Sullivan] was privileged from making, he could have raised the objection in the return, but could not on that account refuse to make any return at all.... He could not draw a conjur-

er's circle around the whole matter by his own declaration that to write any word upon the government blank would bring him into danger of the law. 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927).

In a case with very similar facts, the Sixth Circuit recently reiterated its position that a tax return which contains absolutely no information from which tax liability can be calculated is equivalent to no tax return at all. *United States v. Heise*, 709 F.2d 449 (6th Cir.), *cert. denied*, 464 U.S. 918, 104 S.Ct. 285, 78 L.Ed.2d 262 (1983). This is also the predominating view among the other Courts of Appeal. *See e.g., United States v. Pilcher*, 672 F.2d 875 (11th Cir.), *cert. denied*, 459 U.S. 973, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982); *United States v. Johnson*, 577 F.2d 1304 (5th Cir.1978); *United States v. Jordan*, 508 F.2d 750 (7th Cir.), *cert. denied*, 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 62 (1975); *United States v. Daly*, 481 F.2d 28 (8th Cir.), *cert. denied*, 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973). Since plaintiff's position has no basis in the law, it is frivolous within the meaning of the statute, *United States v. Lee*, 455 U.S. 252, 102 S.Ct. 1051, 71 L.Ed.2d 127 (1982), and the penalty was properly assessed. Plaintiff did not merely object to revealing specific information on his tax return, he refused to supply any information at all. Further, he has made no attempt to demonstrate the legitimacy of his invocation of the Fifth Amendment.

### III.

■ Plaintiff alleges that the penalty assessment constitutes a denial of due process in that he should have been afforded a hearing regarding the validity of his Fifth Amendment assertions prior to the imposition of the penalty.

Plaintiff's argument is without merit. Due process is a flexible concept and its procedural protections are dependent upon particular factual situations. *Morrisey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Exceptions to the general constitutional rule requiring both notice and hearing prior to a governmental taking of property exist where a significant governmental interest justifies delaying the hearing until after the seizure of the property rights. *Mathews v. Eldrige*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *see also United States v. Crooksville Coal Co., Inc.*, Civil Action No. C–2–80–861 (S.D.Ohio, Jan. 15, 1983) (payment of penalty prior to appeal not a violation of due process); *Powell v. Kopman*, 511 F.Supp. 700 (S.D.N.Y.1981) (payment of tax penalty prior to litigation not a violation of due process). Further, "[w]here only property rights are involved, mere postponement of the judicial inquiry is not a denial of due process, if the opportunity given for the ultimate judicial determination of the liability is adequate." *Phillips v. Commissioner*, 283 U.S. 589, 596, 51 L.Ed. 608, 611, 75 L.Ed. 1289 (1931). The Supreme Court has held that collection of a penalty prior to hearing is not a denial of due process provided that the taxpayer has access to judicial review in a refund action. *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). *See also Riley v. Commissioner*, 566 F.Supp. 21 (S.D.Ohio 1983). In the present case, plaintiff had a right to file a refund action subsequent to the assessment of the penalty in which to litigate the validity of his constitutional assertions. Accordingly, no due process violation occurred.

### IV.

■ Plaintiff also challenges the constitutionality of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) on the ground that it was improperly enacted, *i.e.*, that it was introduced and passed first in the Senate, rather than in the House of Representatives. The origination clause of the Constitution, Article I, Section 7 provides "[a]ll bills for raising Revenue shall originate in the House of Representatives; but the Senate may propose or concur with Amendments as on other Bills."

The legislative history of TEFRA indicates that much of the act that was ulti-

mately passed was introduced by way of Senate amendment to the original House bill. The House ultimately passed the Senate version of the Bill. *Trent v. United States*, 52 A.F.T.R.2d 83–5822 (E.D.Mich. 1983). In *Trent*, the district court concluded that TEFRA was enacted in accordance with the Constitution: "The Court finds that the Act did originate in the House of Representatives. Nothing in the [origination] clause indicates that the Senate may not amend a revenue raising bill by a wholesale substitution of the text of that bill." *Id.* at 83–5825.

This approach is consistent with the Supreme Court's decision in *Flint v. Stone Tracey Co.*, 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911), where the constitutionality of a bill with a similar legislative history was upheld. In *Flint*, a general bill for the collection of revenue was introduced in the House of Representatives. In its original form, the House bill contained an inheritance tax. The Senate removed the inheritance tax from the bill, and substituted in its place a corporation tax. In upholding the validity of the legislation, the Supreme Court stated:

> The bill having properly originated in the House, we perceive no reason in the constitutional provision relied upon why it may not be amended in the Senate in the manner which it was in this case. The amendment was germane to the subject matter of the bill, and not beyond the power of the Senate to propose.

220 U.S. at 143, 31 S.Ct. at 346.

In accordance with the foregoing analysis, plaintiff's claim that TEFRA is unconstitutional is without merit.

### V.

 Finally, plaintiff argues that section 6702 is unconstitutionally vague because it does not define the term "frivolous." Initially, it must be noted that the Senate report defines "frivolous," at least in part, as a return in which many or all of the items are objected to on spurious constitutional grounds. Case law has long defined the term as a claim which is unsupportable

on either law or facts. See part II, *infra*. Even the United States Supreme Court has stated that a self incrimination claim against every question on the tax return would be "virtually frivolous," so as to fall within the meaning of the statute. *Albertson v. SACB*, 382 U.S. 70, 86 S.Ct. 194, 15 L.Ed.2d 165 (1965).

Again, the Court emphasizes that while plaintiff did not object on Fifth Amendment grounds to *every* question on the 1040A forms, he objected to most of the items on that basis, including his filing status, number of exemptions, and income. He did not provide a single piece of information to assist the IRS in determining his tax liability. He has made no attempt to justify his claim of the privilege as to any of these items.

WHEREUPON, the Court HOLDS that plaintiff's complaint is without merit. Defendant's motion to dismiss is GRANTED. This action is hereby DISMISSED.

IT IS SO ORDERED.