**Edward F. SNYDER and Dorothy M. Snyder**

v.

**UNITED STATES of America.**

Civ. No. N–88–1663.

United States District Court, D. Maryland.

Jan. 24, 1989.

Edward F. Snyder and Dorothy M. Snyder, College Park, Md., pro se.

Larry D. Adams, Asst. U.S. Atty., D. Md., Baltimore, Md., and Karen L. Elias, Tax Div., U.S. Dept. of Justice, Washington, D.C., for the Government.

## MEMORANDUM

NORTHROP, Senior District Judge.

Plaintiffs Edward and Dorothy Snyder filed their action in this Court on June 14, 1988 seeking the abatement of a $500 tax penalty assessed against them by the Internal Revenue Service (IRS) for filing a frivolous tax return under 26 U.S.C. § 6702 (1988). The plaintiffs also seek the refund of 15% of the penalty which they paid to the IRS in order to challenge the assessment. Pending before the Court are the parties' cross motions for summary judgment and the oppositions thereto. After careful consideration of the pleadings, the Court finds that no hearing is necessary. Local Rule 6. For the reasons set forth below, this Court will grant defendant's motion for summary judgment and accordingly deny plaintiffs' motion for summary judgment.

## FACTUAL BACKGROUND

On April 14, 1986, plaintiffs filed their return for the 1985 tax year. The return correctly reflected a federal income tax due of $7954 and an amount of federal income tax withheld as $7778. Plaintiffs' income tax due to the IRS would have been $176, the difference between these two figures. This figure should have been reflected on line 68 of the return. Plaintiffs, however, left line 68 blank. They instead inserted the figure $2,656 on lines 65 and 66 as the amount overpaid and to be refunded with the notation "see letter".

In an attached letter, plaintiffs noted their objection to the government's use of federal tax money for certain military actions by the government and the support of various foreign regimes which they feel are immoral or illegal. Plaintiffs concluded in the letter that 35.6% of income tax payments collected by the government are used for what they termed "war prepara-tion". Plaintiffs alleged in their letter that such activities and spending are in conflict with their religious conscience. Based on their computations, plaintiffs determined that the total tax they owed was $5,122 and not the full $7,954. They claimed a refund of $2,656 based on these calculations instead of the correct tax due the government of $176. The IRS asserted negligence penalties against the plaintiffs. These penalties and the $176 plus interest were paid by the plaintiffs. In addition the IRS assessed the frivolous return penalty under section 6702. Pursuant to section 6703(c)(1) plaintiffs paid 15% of the penalty ($75) and filed a claim for the refund. The refund was not acted upon by the IRS within six months of filing and the plaintiffs have brought this action.

## ANALYSIS

Rule 56 of the Federal Rules of Civil Procedure provides that a court may grant a motion for summary judgment where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In this case, the parties appear to agree on all the material facts and the remaining dispute involves the interpretation and application of section 6702 of the Internal Revenue Code.

Plaintiffs contend that the frivolous tax penalty of section 6702 should not be assessed against them as their return indicates the correct amount of total tax due. They argue that their refund claim for the amount of their tax ostensibly attributable to military purposes was made *after* reporting a correct total tax due. Plaintiffs maintain that this particular fact takes their actions outside of the wording of section 6702. They allege that the section 6702 penalty was assessed because either (1) the IRS characterized them as tax protesters, (2) they signed a consent agreement and wrote in words of protest, (3) they attached a letter to their return protesting the use of tax revenues for military purposes or (4) because plaintiff Edward Snyder is employed with an organization which computes the percentages of tax revenues used for military purposes.

Defendant United States claims that plaintiffs' actions in filing their return fall squarely within section 6702. They further assert that the frivolous return penalty was specifically enacted to deter filing of such tax returns. Section 6702 provides for a civil penalty if:

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws, then such individual shall pay a penalty of $500. 26 U.S.C. § 6702 (1988).

To subject a taxpayer to a civil penalty under the section three requirements must be met. First, the taxpayer must file what purports to be a return. In the instant case, this is not disputed. Second, the return must either fail to contain sufficient information to ascertain whether the self-assessment is correct *or* the return must contain information which indicates on its face that the self-assessment is substantially incorrect. It is undisputed that the plaintiffs provided enough information from which the IRS could have determined the proper tax owed by plaintiff. In fact, the government did determine the tax due. Hence, section 6702(a)(1)(A) was not strictly violated by plaintiffs.

Section 6702(a)(1)(B), however, provides an alternative ground for imposition of the penalty and merely requires that the filed return facially indicate that the self assessment is substantially incorrect. It is well settled that the penalty is applicable even when supplements and attachments provide explanations of the alternative assessments. *See Jenney v. United States,* 755 F.2d 1384 (9th Cir.1985); *Clark v. United States,* 630 F.Supp. 101 (D.Md.1986).

Plaintiffs, however, argue that the term "self-assessment" does not extend to a refund claimed but relates only to the amount of total tax due. Plaintiffs support this contention noting that some taxpayers make no claim for a refund and let the IRS compute it for them. In addition, some taxpayers make erroneous refund claims based on inadvertent errors or confusion. Plaintiffs thus argue that the term "self-assessment" cannot relate to the refund, and thus theirs was not substantially incorrect under section 6702(a)(1)(B).

■ Although the term "self-assessment" is not given a precise definition in section 6702, courts have held that it clearly includes a taxpayer's representations on the return as to the tax due or the refund claimed. *Fuller v. United States,* 786 F.2d 1437, 1439 (9th Cir.1986); *Kahn v. United States,* 753 F.2d 1208, 1213 (3d Cir.1985).

Given this expansive reading of the term, it is clear that plaintiffs did in fact file a return which contained information that on its face indicates that the self-assessment is substantially incorrect. 26 U.S.C. § 6702(a)(1)(B).

The third requirement under section 6702 is that the incorrect assessment by taxpayers is due to a position which is "frivolous" or a desire to "delay or impede the administration of Federal income tax laws." 25 U.S.C. § 6702(a)(2). This Court has held that deductions and credits are matters of legislative grace. If Congress has not specifically legislated them, they do not exist. *Clark,* 630 F.Supp. at 106. There is no provision in the Internal Revenue Code authorizing the deductions taken by plaintiffs. Section 6702 was specifically enacted to deter non-payment of taxes based on a taxpayer's disagreement with the uses to which tax payments will be put. The Court accordingly must find plaintiffs' deduction frivolous within the meaning of section 6702.

■ The frivolous return penalty is properly applicable to the plaintiffs' actions. The Supreme Court has noted:

Congress has given discretion to the Commissioner to prescribe by regulation

forms of returns and has made it the duty of the taxpayer to comply. It thus implements the system of selfassessment which is so largely the basis of our American scheme of income taxation. The purpose is not alone to get tax information in some form but also to get it with such uniformity, completeness, and arrangement that the physical task of handling and verifying returns may be readily accomplished. *Commissioner v. Lane-Wells, Co.*, 321 U.S. 219, 223, 64 S.Ct. 511, 513, 88 L.Ed. 684 (1944). The Court in no way judges the plaintiffs for expressing their deeply felt convictions. Their actions, however, are precisely the sort Congress sought to deter in enacting section 6702.

For the reasons outlined above, this Court will grant defendant's motion for summary judgment and accordingly deny plaintiffs' motion. A separate order will issue confirming the rulings herein.