**Michael A. WEED, Appellant,**

v.

**COMMISSIONER OF REVENUE, Respondent.**

No. C7–92–339.

Court of Appeals of Minnesota.

Aug. 11, 1992.

Review Denied Sept. 15, 1992.

Michael A. Weed, pro se.

Hubert H. Humphrey, III, Atty. Gen., Thomas K. Overton, Sp. Asst. Atty. Gen., Tax Litigation Div., St. Paul, for respondent.

Considered and decided by KLAPHAKE, P.J., and RANDALL and HARTEN, JJ.

## OPINION

RANDALL, Judge.

The Commissioner of Revenue for the State of Minnesota assessed penalties totaling $2000 against appellant Michael A. Weed for filing frivolous income tax returns for the years 1987, 1988, 1989, and 1990. Weed appealed to the Minnesota Tax Court. The case was transferred to Minnesota district court, and the trial court affirmed the rulings of the commissioner. This appeal followed. We affirm.

## FACTS

The facts of this case are not in dispute. On his 1990 Minnesota income tax return, appellant reported that his Minnesota tax was $1568. He also reported that $1577 had been withheld from his wages. Appellant went on to then claim a refund of $1577, the entire amount that had been withheld. Next to the refund line, appellant wrote: "Exempt from Minnesota income tax on constitutional grounds." Appellant crossed out part of the pre-printed statement, appearing above the signature line, which stated: "I know I owe the amount of tax I have listed above, and I give up my rights to contest any court

order requiring me to pay this amount." The commissioner assessed a $500 penalty against appellant pursuant to Minn.Stat. § 289A.60, subd. 7 (1990) ($500 penalty for filing a frivolous return).[1]

Appellant filed similar income tax returns for the years 1987, 1988, and 1989 except that for those years, appellant crossed out the entire pre-printed statement, which stated, in addition to the confession of judgment, "I declare that this return [form] is correct and complete to the best of my knowledge and belief."[2] The commissioner assessed additional penalties of $500 for each of these years.

Appellant challenged the penalties by appealing to the Minnesota Tax Court. The case was transferred to Minnesota district court. The trial court affirmed the rulings of the commissioner of revenue.

## ISSUE

Are the returns filed by appellant for the years 1987, 1988, 1989, and 1990 frivolous returns subject to penalty under Minn.Stat. § 289A.60, subd. 7?

## ANALYSIS

Minn.Stat. § 289A.60, subd. 7, provides:

**Penalty for frivolous return.** If an individual files what purports to be a tax return required by chapter 290 but which does not contain information on which the substantial correctness of the assessment may be judged or contains information that on its face shows that the assessment is substantially incorrect and the conduct is due to a position that is frivolous or a desire that appears on the purported return to delay or impede the administration of Minnesota tax laws, then the individual shall pay a penalty of $500. In a proceeding involving the issue of whether or not a person is liable

---

1. Previously codified as Minn.Stat. § 290.53, subd. 10 (1988).

2. On his 1987 return, appellant reported Minnesota tax due of $3160 and Minnesota tax withheld of $3523. Appellant claimed a refund of $3523, the entire amount withheld. On his 1988 tax return, appellant reported Minnesota tax due of $3622 and Minnesota tax withheld of $3448. Appellant did not report the $174 in unpaid tax, but instead claimed a refund of $3448, the entire amount withheld. On his 1989 return, appellant reported Minnesota tax of $2456 and Minnesota tax withheld of $2363. Appellant did not report the $93 in unpaid tax, but instead claimed a refund of $2363, the entire amount withheld.

for this penalty, the burden of proof is on the commissioner.

The Minnesota penalty statute is identical in relevant part to the federal frivolous return penalty statute, 26 U.S.C.A. § 6702 (1989).

■ To subject a taxpayer to penalty for filing a frivolous return under the statute, three requirements must be met: 1) the taxpayer must file what purports to be a return; 2) the return must either fail to contain sufficient information to ascertain whether the assessment is correct *or* the return must contain information which indicates on its face that the assessment is substantially incorrect; and 3) the incorrect assessment is due to a position which is frivolous *or* the incorrect assessment is due to a desire to delay or impede the administration of the income tax laws. *See Snyder v. United States*, 714 F.Supp. 761, 763 (D.Md.1989) (interpreting the federal frivolous return penalty statute).

*The assessment.*

■ Appellant first argues that the entry made on the refund line is not part of the "assessment" within the meaning of Minn.Stat. § 289A.60, subd. 7, and therefore, his actions fall outside of the scope of the statute. Appellant argues that because he properly entered the correct tax amount on one line of the return, his "assessment" was correct. We do not agree.

There is federal authority directly contrary to appellant's position. In *Kahn v. United States*, 753 F.2d 1208, 1211 (3d Cir.1985), the taxpayer properly reported the full tax liability, but then claimed a refund of part of the tax. On her return, the taxpayer wrote the words, "46% war tax refused (see attached letter)." The letter explained that she was claiming a "war tax refusal refund" equivalent to the proportion of her taxes estimated by SANE (Citizens' Organization for a Sane World) to be applied to military expenditures by the federal government in 1983. *Id.* at 1211. The taxpayer in *Kahn* argued, as appellant argues here, that the "assessment" was not incorrect because at one point in the return she properly reported

the amount of tax owed. Therefore, the taxpayer argued, the penalty statute did not apply to her actions of improperly reporting the amount of her refund. *Id.* at 1213.

Rejecting this argument, the court held that where *the amount of refund claimed* was incorrect on its face, the *return* was "substantially incorrect on its face" within the meaning of the federal frivolous return statute. *Id.* The court stated:

> [T]he system of self-assessment is the basis of our American scheme of income taxation and *the duty of the taxpayer to self-assess is not met unless the return is properly filled out in its entirety.*

*Id.* (emphasis added). The court noted that even though the return contained sufficient information for the IRS to judge its correctness and to recalculate so as to assess the proper amount of tax owed, the return was "plainly incorrect" for purposes of the penalty statute. *Id.* The term "assessment" as used in the penalty statute "clearly includes a taxpayer's representations on the return as to the tax due or the refund claimed." *Id.* (quoting *Franklet v. United States*, 578 F.Supp. 1552, 1555 (N.D.Cal.1984), *aff'd*, 761 F.2d 529 (9th Cir. 1985)); *see also Snyder*, 714 F.Supp. at 763.

Appellant's return is not correct because the correct tax appears on one line. The analysis does not end on that line. Two lines down from the reported tax owed, appellant claimed a refund of *all* monies withheld for the purpose of paying the taxes he properly reported *as due*. By claiming a refund of all withholdings, appellant directly contradicts that part of his return showing that he owed taxes.

The facts support a finding that each of appellant's assessments contained information which, on its face, showed the assessments were substantially incorrect. *Cf. Kahn*, 753 F.2d at 1213.

*Frivolous position.*

■ The federal penalty statute was enacted to deter tax protesters from filing frivolous returns. *Baskin v. United States*, 738 F.2d 975, 977 (8th Cir.1984);

*Snyder,* 714 F.Supp. at 763; *Schoffner v. United States,* 627 F.Supp. 167, 168 (S.D.Ohio 1985), *aff'd,* 812 F.2d 292 (6th Cir.1987). For purposes of the federal penalty statute, a position is "frivolous" if it has no basis in law or fact. *Kahn,* 753 F.2d at 1214. An objective standard is applied to determine whether a position is frivolous. *Id.* What is required to reach the threshold of frivolity is that a position is without merit from the perspective of the tax laws. *Id.* Appellant reached the threshold.

In *Kahn,* the court concluded that because there is no provision in the tax code which provides for a credit or deduction based on dissatisfaction as to the use of the tax payment, the taxpayer's position was frivolous as a matter of law. *Id.; see also Snyder,* 714 F.Supp. at 763 (because there is no provision in the tax code authorizing war tax deduction, deduction is frivolous).

Various federal courts have held that where the taxpayer files a return but refuses to reveal information based on the fifth amendment privilege against self-incrimination, the taxpayer has filed a frivolous return and the penalty applies. *See Boomer v. United States,* 755 F.2d 696 (8th Cir.1985); *Baskin,* 738 F.2d at 977; *Ueckert v. Commissioner of Internal Revenue,* 721 F.2d 248 (8th Cir.1983); *Schoffner,* 627 F.Supp. at 168; *Miller v. United States,* 604 F.Supp. 804 (E.D.Mo.1985).

Federal courts have found frivolous returns where the taxpayer claimed a war tax reduction. *See Wall v. United States,* 756 F.2d 52, 53 (8th Cir.1985); *Kahn,* 753 F.2d at 1214; *Snyder,* 714 F.Supp. at 763. We carefully note that imposition of the frivolous return penalty was not considered a penalty on the taxpayers for protesting taxes, for protesting military spending, or for expressing their moral and/or religious beliefs. Rather, in *Wall,* the penalty was imposed for filing a return that contained "substantially incorrect" assessments. *Wall,* 756 F.2d at 53 (penalty did not violate taxpayer's first amendment right of free speech or free exercise of religion). In *Snyder,* the penalty was imposed for taking a deduction not authorized by the IRS. *Snyder,* 714 F.Supp. at 763 (if a deduction or credit has not been specifically legislated, it does not exist; therefore, a return taking such a deduction is frivolous).

Appellant argues the legal theory upon which he bases his exemption claim is not frivolous. Appellant's legal theory is that the fourteenth amendment of the federal constitution operates to prohibit the states from imposing an income tax upon United States citizens. Appellant argues that because this position has not been found invalid by the Supreme Court, it is not frivolous. Appellant is wrong. Appellant identifies no provision of the federal constitution which might be extended to the states by the fourteenth amendment to prohibit states from imposing an income tax upon United States citizens. If appellant were correct that our federal constitution prohibits the 50 states from imposing a state income tax on its citizens, it is likely tax scholars and constitutional lawyers representing residents of our individual states "would have thought of this before" and filed successful challenges.

Appellant also argues that since the State of Minnesota has not enacted a constitutional amendment similar to the sixteenth amendment to the federal constitution,[3] the state is without authority to tax income. The argument is meritless. The state need not rely on a constitutional amendment for the power to tax. The states possess the powers of a sovereign. *Michigan Cent. R.R. v. Powers,* 201 U.S. 245, 293, 26 S.Ct. 459, 462, 50 L.Ed. 744 (1906) (the state has sovereign freedom to tax, both as to objects and methods). The power of the state to tax is inherent in its sovereignty. *In re S.R.A., Inc.,* 213 Minn. 487, 491, 7 N.W.2d 484, 487 (1942). Constitutional provisions regarding taxation are not a grant of, but are a limitation upon this power. *Id.*

---

**3.** The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.

*Crossing out the jurat.*

The state argues that appellant's actions in crossing out the jurat provide an additional basis to uphold the frivolous return penalties. Although we do not base our affirmance solely on this point, we agree it supports a finding of frivolity.

Minn.Stat. § 289A.08, subd. 12 (1990) requires that a return contain:

> (1) a written declaration that it is correct and complete, and (2) language prescribed by the commissioner providing a confession of judgment for the amount of the tax shown due to the extent not timely paid.

Each of the returns at issue here contains a pre-printed statement situated immediately above the signature line which states:

> I declare that this form is correct and complete to the best of my knowledge and belief. I know I owe the amount of tax I have listed above, and I give up my rights to contest any court order requiring me to pay this amount.

On all four returns, appellant struck out the pre-printed statutorily required confession of judgment, the second part of the jurat. On three of the four returns, 1987, 1988, and 1989, appellant also struck out the pre-printed statutorily required declaration that the return was correct and complete to the best of his knowledge.

In *Green v. United States*, 593 F.Supp. 1341, 1342 (N.D.Ind.1984), the taxpayer crossed out a portion of the jurat that stated his signature was provided "under penalties of perjury." The court held that by doing so, the taxpayer failed to certify that the entries on the return were correct. *Id.* at 1343. The court held the return was frivolous and the taxpayer was subject to the frivolous return penalty. *Id.* at 1343–44. With the same reasoning, we find appellant's returns frivolous on this basis also.

*Desire to delay or impede administration of tax laws.*

The frivolous return penalty may also be imposed as a penalty for conduct due to a desire to delay or impede the administra-

tion of the tax laws. *See* Minn.Stat. § 289A.60, subd. 7. Appellant's conduct manifests such a desire. As such, imposition of a penalty pursuant to the statute was justified on this basis as well.

*Laches.*

Regarding the 1987, 1988, and 1989 penalties, appellant argues that the commissioner is barred by the doctrine of laches from imposing these penalties because it did not do so until 1991.

> Laches is a defense to an action brought after an unreasonable delay in asserting a known right, resulting in prejudice to others, as would make it inequitable to grant the relief prayed for.

*M.A.D. v. P.R.*, 277 N.W.2d 27, 29 (Minn. 1979). The doctrine of laches does not apply where an action is governed by a statutorily defined period and the action occurs within that period. *Id.; Aronovitch v. Levy*, 238 Minn. 237, 241, 56 N.W.2d 570, 574 (1953).

Minn.Stat. § 289A.38, subd. 1 (1990) provides, in part, "the amount of taxes assessable must be assessed within 3½ years after the date the return is filed." Minn.Stat. § 289A.60, subd. 18 (1990) provides:

> **Payment of penalties.** The penalties imposed by this section [for a frivolous return] are collected and paid in the same manner as taxes.

Reading these statutes together, the trial court concluded the statute of limitations that applies to the assessment of taxes, three and one-half years, also applies to the assessment of frivolous return penalties. We agree.

Appellant argues there is no statute of limitations applicable to the assessment of a frivolous return penalty. Appellant argues that Minn.Stat. § 289A.60, subd. 18 only applies to the *payment* of penalties, which is separate and distinct from the *assessment* of penalties, and therefore, the statutes have no relation to each other. This argument has no merit. Although subdivision 18 of section 289A.60 is entitled *"Payment* of penalties," (emphasis added), the words contained in the text of the subdivision, "penalties *imposed* by this section

[including the frivolous return penalty]," (emphasis added) imply the same meaning as if the legislature had said "penalties *assessed* pursuant to this section."

Furthermore, the defense of laches is not available against the state when acting in its sovereign capacity. *Leisure Hills v. Minnesota Dep't of Human Servs.*, 480 N.W.2d 149, 151 (Minn.App.1992).

*Equitable estoppel.*

Appellant's defense of equitable estoppel is based on his claim that he filed his returns in 1988, 1989, and 1990 in the same manner as his 1987 return in reliance on the fact that the state had not imposed a penalty for his 1987 return. To establish a claim of estoppel, the burden is on appellant to show the commissioner made representations or inducements, upon which appellant relied, and that appellant will be harmed if the claim of estoppel is not allowed. *Brown v. Minnesota Dep't of Pub. Welfare*, 368 N.W.2d 906, 910 (Minn. 1985). To estop a government agency, some element of fault or wrongful conduct must be shown. *Id.* When deciding whether estoppel will be applied against the government, the court will weigh the public interest frustrated by the estoppel against the equities of the case. *Id.* The fact that no penalty was immediately assessed is not culpable misrepresentation or inducement.

## DECISION

The commissioner properly assessed penalties against appellant pursuant to Minn. Stat. § 289A.60, subd. 7 (1990) for filing frivolous income tax returns for the years 1987, 1988, 1989, and 1990. Neither the doctrine of laches nor equitable estoppel apply to this case.

Affirmed.